FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 24 2009

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION NO.<br>) 4-09-CV-0766 SM<br>) |
| v. | ) COMPLAINT<br>)<br>) JURY TRIAL DEMAND |
| PRESBYTERIAN VILLAGE, INC. and PRESBYTERIAN VILLAGE FOUNDATION, INC., | )<br>)<br>) |
| Defendant. | ) |

This case assigned to District Judge Miller
and to Magistrate Judge Cavaneau

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to David Few who was adversely affected by such practices. As alleged with greater particularity in paragraphs 9a-9o below, the Equal Employment Opportunity Commission (the "Commission") alleges that the Defendant(s) Presbyterian Village, Inc. / Presbyterian Village Foundation, Inc. ("Defendant Employer") discriminated against David Few on the basis of his disability by removing his accommodation, subjecting him to adverse employment actions on account of his disability and retaliating against him when he opposed unlawful actions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Employer, Presbyterian Village, Inc./ Presbyterian Village Foundation, Inc., a non profit organization, has continuously been doing business in the State of Arkansas and the City of Little Rock, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, David Few

(hereinafter "Mr. Few") filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 1, 2008, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Section 102(a), 102(b)(4), 102(b)(5); 42 U.S.C.§§12112(a), (b)(4) and b(5) and Title I of the ADA, Section 503(a) and (b); 42 U.S.C.§§12203(a) and (b) at its Little Rock, Arkansas location.

9. These unlawful practices include, but are not limited to, Defendant Employer's disparate treatment of Mr. Few because of disability, Defendant Employer's failure to accommodate Mr. Few's disability, and Defendant Employer's retaliation against Mr. Few when reports of Defendant Employer's illegal employment practices were made.

    a. Defendant Employer operates a retirement community in Little Rock, Arkansas.

    b. Since birth, Mr. Few has suffered from Cerebral Palsy and Epilepsy. He has partial paralysis of his left side due to a stroke that he suffered at nine months of age. He walks with a limp and has limited use of his left arm and hand.

    c. Mr. Few is substantially limited in his ability to walk, lift, ability to think, concentrate and care for himself.

    d. Defendant Employer hired Mr. Few as a dietary aide around August 13, 2003.

    e. From 2003 through 2007, Defendant Employer provided reasonable accommodations to Mr. Few.

    f. During that period of time, Mr. Few satisfactorily performed the essential functions of the dietary aide position.

    g. Mr. Few is a qualified individual with a disability under the Americans with Disabilities Act of 1990 who can perform the essential functions of the dietary aide position.

h.  Starting around 2008, Defendant Employer ceased providing reasonable accommodation to Mr. Few.

i.  Thereafter, Mr. Few began to receive disciplinary write ups. Mr. Few was subjected to adverse and unjustified discipline due to his disability.

j.  In March 2008 Mr. Few contacted Defendant Employer's human resources to report Defendant Employer's illegal employment actions and to request a reasonable accommodation.

k.  Shortly thereafter, Mr. Few's hours were reduced. As a result of the reduction in hours Mr. Few lost pay and health insurance coverage.

l.  Other dietary aides with similar problems did not have their hours reduced or lose their health insurance coverage.

m.  In May 2008, Mr. Few's mother wrote a letter to Defendant Employer's CEO to request an accommodation on Mr. Few's behalf and to report Defendant Employer's illegal employment actions.

n.  Mr. Few's work hours were further reduced after Defendant Employer received the letter from Mr. Few's mother.

o.  Mr. Few was subjected to retaliation for requesting reasonable accommodation and for complaining about disability discrimination. He was subjected to adverse actions for engaging in activity protected by the ADA.

10.  The effect of the practices complained of above has been to deprive Mr. Few of equal employment opportunities and otherwise adversely affect his status as an employee, in violation of the ADA.

11.  The unlawful employment practices complained of above were and are intentional.

12. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Mr. Few.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability or subjects employees to retaliation for complaining about discrimination.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mr. Few by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Mr. Few by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9a-9o above, including medical expenses and job search expenses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mr. Few by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful employment practices described in paragraphs 9a-9o above in amounts to be proven at trial.

F. Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, resulting from the unlawful employment practices described in paragraphs 9a-

5

9o above in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_____
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901) 544-0088

_____
**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
AR Bar No. 88081

_____
**PAMELA DIXON**
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (501) 324-5065